**United States District Court
Northern District of Indiana
Hammond Division**

| | |
|---|---|
| GARY KOSTBADE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Civil Action No. 2:17-CV-430 JVB |

**OPINION AND ORDER**

Plaintiff Gary Kostbade sued the Defendant United States of America ("Government") under the Federal Tort Claims Act ("FTCA" or "Act"). This matter is before the Court on the Government's motion to dismiss his complaint on the grounds that it is immune from suit (DE 14).

**A.　　Background**

According to his complaint, Plaintiff was seriously injured on January 2, 2015, at a post office in Hammond, Indiana, when a vehicle crashed through the front of the building. He claims the Government's employees were negligent in failing to install protective barriers at the front of the building adjacent to the parking lot to prevent such occurrences, especially since there had been previous incidents of vehicles crashing through the front of the building.

The Government argues that Plaintiff's claims are barred by the discretionary function exception to the FTCA's waiver of sovereign immunity. The Act gives federal courts jurisdiction over suits for damages against the Government for "personal injury . . . caused by

the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). But the Act "shall not apply to any claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency . . . whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

Plaintiff maintains that while whether to install curbs or other barriers at the post office was a policy decision, it is outside the scope of the policy decisions covered by the discretionary function exception because it was related to the Government's function as a landowner.

**B.      Discussion**

The FTCA is a limited waiver of the federal government's sovereign immunity with many exceptions. The discretionary function exception to tort liability under the Act applies to federal agency actions or failures to act that (1) involve an element of judgment or choice; and (2) are based on considerations of public policy. *United States v. Gaubert*, 499 U.S. 315, 322 (1991). Plaintiff does not dispute that these factors are present here. However, he claims that, because the decision not to install some form of barrier was made in the Post Office's role as a landowner and not in its role as a government entity, the discretionary function exception does not apply.

The chief authority Plaintiff cites for this proposition is a Rhode Island district court case, *Kousa v. United States*, 261 F. Supp. 2d 91 (D.R.I. 2003). This Court is not persuaded by its

reasoning. The *Kousa* court found that the decision to place speed bumps in a post office parking lot was made by the United States Postal Service in its role as a landowner as opposed to as a governmental entity, stating in conclusory fashion that such conduct "is simply too far removed from its governmental role to trigger application of the discretionary function exception." *Id.* at 96. The Court disagrees. Providing post offices to facilitate its mission to deliver the mail is a vital part of its governmental role. Moreover, how closely a particular course of action or inaction is related to an agency's governmental role is not part of any test established by the Supreme Court or the Seventh Circuit.

The only Circuit Court of Appeals decision directly on point that has been brought to the attention of the Court is *Fothergill v. United States*, 566 F.3d 248 (1st Cir. 2009).[1] There the court held that the Postal Service's decision-making with respect to safety measures to prevent a vehicle from crashing through the front door of a post office building met the test laid out in *Gaubert*, so that the discretionary act exception to tort liability under the Act provided the United States with immunity. Absent any identified law, regulation, rule, or other requirement dictating how to configure a post office parking lot, the decision is a matter of executive choice. *Fothergill*, 566 F.3d at 253. And the decision was susceptible to policy analysis. Making the decision requires a balancing of such factors as efficiency, safety, aesthetics, and cost. *Id.*

---

[1] As the Government noted in its reply brief, the First Circuit oversees the Rhode Island district court that decided *Koussa* six years before the decision in *Fothergill*. Undoubtedly *Koussa* would have been decided differently if it had followed, rather than preceded *Fothergill*.

This Court agrees with the reasoning in *Fothergill*.² Here, as in *Fothergill*, Plaintiff has identified no law, regulation, rule, or other requirement that tied the Postal Service's hands and removed the issue of whether a barrier should have been placed in the post office parking lot from the realm of discretion. The Postal Service's decision not to install barriers in the parking lot was susceptible to policy analysis. Accordingly, the discretionary function exception applies, immunizing the Government from suit in this case.

**C.      Conclusion**

For the foregoing reasons, the Court **GRANTS** the Government's motion (DE 14). This case is **DISMISSED.**

SO ORDERED on July 23, 2018.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge

---

²Plaintiff points out that the standard of review in *Fothergill* was plain error because the plaintiffs had not responded to the United States's motion to dismiss. However, in affirming the district court's decision that the discretionary function exception applied, the First Circuit stated "[w]e discern no error here, plain or otherwise," suggesting that its decision would have been the same regardless of the procedural posture of the case.